IN THE UNITED STATES DISTRICTCOURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUIS DEJESUS TAVERAS, and similarly situated individuals,<br><br>  Plaintiff,<br><br>vs.<br><br>SWINGSET & TOY WAREHOUSE, INC., and all other affiliated entities and/or joint employers, JOHN DOE CORPORATIONS, and ABEL SANTOS, individually,<br><br>  Defendants. | **COLLECTIVE ACTION COMPLAINT**<br><br>Civil Case No.:<br><br>**Jury Trial Demanded** |

Named Plaintiff LUIS DEJESUS TAVERAS ("DeJesus" or "Plaintiff") on behalf of himself and all others similarly situated, by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Collective Action Complaint against Defendants SWINGSET & TOY WAREHOUSE, INC., and all other affiliated entities and/or joint employers, JOHN DOE CORPORATIONS ("Swingset" or "Corporate Defendants"), and ABEL SANTOS, individually, ("Santos") (collectively "Defendants") and alleges as follows:

## INTRODUCTION

1. Named Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL").

2. Named Plaintiff brings this lawsuit against Defendants as a collective action on behalf of himself and all other persons similarly situated – who suffered damages as a result of

1

Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b).

3. Beginning in approximately 2010, and continuing through October 27, 2019, Defendants engaged in a policy and practice of requiring Named Plaintiff and members of the putative collective to regularly work in excess of forty (40) hours per week, without providing overtime compensation as required by applicable Federal and New Jersey state law.

4. The Named Plaintiff has initiated this action on behalf of himself and similarly situated employees to recover overtime compensation that Plaintiff and similarly situated employees were deprived of, plus interest, damages, attorneys' fees, and costs.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Named Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

6. This Court has subject matter jurisdiction over Named Plaintiff's NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

7. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

8. At all times material hereto, Named Plaintiff performed non-exempt merchandise delivery and installation duties for the Defendants in New Jersey and based from Defendants' Bergen County, New Jersey, warehouse. Defendants are therefore within the jurisdiction and venue of this Court.

9. At all times pertinent to this Complaint, the Defendants were and remain enterprises engaged in interstate commerce or in the production of interstate goods for commerce as

defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). More specifically, Defendants own, operate, and/or manage a wood and outdoor play dealership from three locations in New Jersey, selling swingsets, basketball courts, trampolines, and sheds throughout New Jersey, the tri-state area and online. Alternatively, Named Plaintiff and those similarly situated employees worked in interstate commerce, i.e., its employees handle goods or materials that have been moved or produced in interstate commerce. Thus, Named Plaintiff and those similarly situated employees fall within the protections of the Act.

## PARTIES

**Plaintiff**

10. Named Plaintiff DeJesus is an adult individual who is a resident of Haledon, in Passaic County, New Jersey.

11. Named Plaintiff DeJesus was employed by Defendants full time as a delivery and assembly person, performing duties in furtherance of Defendants' business, specifically, working as an installer, delivering and assembling products for Defendants' consumers, from in or about 2010, through in or about October 2019.

12. Plaintiff DeJesus worked in Defendants' Upper Saddle River, New Jersey, location.

**Corporate Defendants**

13. Swingset is a New Jersey corporation, with their corporate office located at one of their three warehouse showrooms, at 11 Route 31, Bldg. B, Flemington, New Jersey, 08822.

14. Upon information and belief, and at all times relevant to this Complaint, the Defendants employ individuals to perform labor services on behalf of the Defendants.

**Individual Defendant**

15. Upon information and belief, Individual Defendant Abel Santos is a New Jersey state resident.

16. Upon information and belief, at all times relevant to this Complaint, individual Defendant Abel Santos has been an owner, partner, officer and/or manager of the Defendant Swingset.

17. Upon information and belief, at all times relevant to this Complaint, individual Defendant Abel Santos has had power over personnel decisions at the Defendant Swingset's business.

18. Defendant Abel Santos was regularly present at Swingset, and managed the day to day operations, controlled the employees, pay practices and had the power to change same, as well as the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

19. Upon information and belief, at all times relevant to this Complaint, the Defendants' annual gross volume of sales made or business done was not less than $500,000.00.

20. At all times relevant to this Complaint, the Defendants were and are employers engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

## COLLECTIVE ALLEGATIONS

21. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

22. This action is brought on behalf of Named Plaintiff and a putative collective consisting of similarly situated employees who performed work for Defendants.

23. The Named Plaintiff and potential plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendants' common policy and/or plan to violate the FLSA

and NJWHL by failing to provide overtime wages, at the rate of one and one half times the regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

24. Upon information and belief, Defendants uniformly apply the same employment policies, practices, and procedures to all installers who work at the Defendants' three New Jersey locations.

25. The Named Plaintiff and his counsel will fairly and adequately protect the interests of the putative class. The Named Plaintiff has retained counsel experienced in complex wage and hour class and collective action litigation.

26. This action is properly maintainable as a collective action pursuant to § 216(b) of the Act.

## FACTS

27. Based upon the information preliminarily available, and subject to discovery, beginning in approximately 2010, and continuing to the present, Defendants employed the Named Plaintiff and members of the putative class to perform tasks in furtherance of their toy and swingset sales business.

28. Based upon the information preliminarily available, and subject to discovery, Defendants did not properly compensate Named Plaintiff and similarly situated employees, for overtime hours worked in a work week.

29. The majority of Named Plaintiff's time at work, included, but was not limited to, loading deliveries and installing them at various consumers' locations each day.

30. Named Plaintiff DeJesus was generally paid a salary of $900.00 per week, however, this amount varied occasionally, regardless of the number of hours he worked per workweek.

31. Named Plaintiff DeJesus routinely worked six (6) days per week.

32. Named Plaintiff regularly worked from 8 a.m. until 7:30 p.m. daily, or approximately sixty-nine (69) hours per work week.

33. Named Plaintiff was not paid time and one half for his hours over forty (40) in a workweek.

34. Rather named Plaintiff was only paid for a maximum of forty (40) hours per work week.

35. Upon information and belief, employees similarly situated to Named Plaintiff were not compensated for hours over forty (40) hours per week, at the statutory overtime rate of pay, regardless of the number of hours that they worked each and every workweek.

36. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

37. At all times material hereto, Named Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

38. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Named Plaintiff and those similarly situated employees performed services and labor for Defendants for which Defendants made no provision to pay Named Plaintiff and other similarly situated employees compensation to which they were lawfully entitled at the overtime wage rate, for all of the hours worked in excess of forty(40) within a work week.

**COUNT I**
**RECOVERY OF OVERTIME COMPENSATION**
**PURSUANT TO THE FLSA**

39. Named Plaintiff re-alleges, and incorporates here by reference, all allegations contained above.

40. Named Plaintiff is entitled to compensation for each of his overtime hours worked each work week.

41. All similarly situated employees of the Defendants are similarly owed their overtime rate for each and every overtime hour they worked and were not properly paid.

42. Defendants knowingly and willfully failed to pay Named Plaintiff and other similarly situated employees at time and one half of their regular rate of pay for their overtime hours worked.

43. By reason of the said intentional, willful, and unlawful acts of Defendants, Named Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

44. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

45. As a result of Defendants' willful violations of the Act, Named Plaintiff and those similarly situated employees are entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NJWHL

46. Named Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs above.

47. In violation of New Jersey Statutes §§ 34:11-56a4 *et seq.*, the Defendants willfully failed to pay the Named Plaintiff and other members of the putative class their statutorily required overtime compensation for the time they worked in excess of forty (40) hours a week for the Defendants.

48. Defendants' aforementioned conduct is in violation of the NJWHL.

49. As a direct and proximate cause of Defendants' actions, Named Plaintiff and those similarly situated employees suffered damages, including but not limited to past lost earnings.

## **JURY TRIAL**

50. Named Plaintiff and similarly situated employees demand a jury trial.

WHEREFORE, Named Plaintiff, individually and on behalf of all other similarly situated persons, seek the following relief:

(1) on their first cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages as permitted under the FLSA in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(2) on their second cause of action, in an amount to be determined at trial, plus interest, attorneys' fees and costs; and

(3) such other injunctive and equitable relief as this Court shall deem just and proper.

Dated: November 13, 2018        Respectfully submitted,

**JAFFE GLENN LAW GROUP, P.A.**

 /s/ Andrew I. Glenn
Andrew I. Glenn
Email: Aglenn@jaffeglenn.com New
Jodi J. Jaffe, Esquire
E-mail: jjaffe@JaffeGlenn.com
301 N. Harrison Street, Suite 9F, #306
Princeton, New Jersey 08540
Telephone: (201) 687-9977
Facsimile: (201) 595-0308
*Attorneys for Named Plaintiff and the Putative Class*